IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| BEN-CEN, INC.<br>3301 Lancaster Pike<br>Wilmington, Delaware | ) |
| Defendant. | ) |

### UNITED STATES' MEMORANDUM IN SUPPORT OF COMPLAINT TO ENFORCE INTERNAL REVENUE SUMMONS

This is a miscellaneous civil action in which the United States seeks to judicially enforce an internal revenue summons issued to and served upon Ben-Cen, Inc., a Delaware corporation.

### QUESTIONS PRESENTED

The Court shall enforce an Internal Revenue Service administrative summons where it is shown: 1) that the summons was issued for a proper purpose; 2) that the information sought may be relevant to that purpose; 3) that the information sought is not already in the Service's possession; and 4) that the required administrative steps have been followed. The United States has established these four elements by the Declaration of Thomas Anastasia. Should the Court enforce the summons issued to Ben-Cen, Inc., a Delaware corporation?

### STATUTES INVOLVED

26 U.S.C. §§ 7602, 7603 (2000).

## STATEMENT

1. <u>Introduction</u>. This proceeding is brought pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) (2000) to judicially enforce an administrative summons of the Internal Revenue Service. The United States has filed a complaint seeking to enforce the summons issued to and served upon Ben-Cen, Inc., a Delaware corporation. The summons seeks testimony and bank records pertaining to Russell D. Applegate. The complaint, which seeks the issuance of an order to show cause why Ben-Cen, Inc. should not obey the summons issued to and served upon it, is supported by a declaration of the special agent engaged in conducting an investigation of the taxpayer, Russell D. Applegate.

2. <u>The specific requirements of the proposed order to show cause</u>. The proposed order to show cause submitted to the Court would require that a representative of Ben-Cen, Inc. appear before the Court, at the specified time and place, "to show cause why it should not be compelled to obey the internal revenue summons served upon it ***, in the investigation of Russell D. Applegate." Prop. Order to Show Cause at 1. The proposed order goes on to require the summoned party to file and serve any written responses to the complaint, supported by appropriate affidavit(s), as well as any motions it desires to make, within eleven days of service of the original process upon it. <u>Id.</u> at 2. The order will specifically require that:

> all motions and issues raised by defendants will be considered upon the return date of this order, that only those issues raised by motion or brought into controversy by the responsive pleadings and supported by affidavit(s) will be considered at the return of this order, and that any allegations in the complaint not contested by affidavit(s) will be considered as admitted for the purpose of this enforcement proceeding. Affidavits in opposition to the complaint or in support of any motion shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Any affidavit failing to comply with this standard shall not be considered by the Court.

<u>Ibid.</u>

3. <u>The background facts.</u>

   *a. Parties and other principal actors.* As is apparent from the style of the case, plaintiff in this action is the United States. (Compl. ¶ 4.) Thomas Anastasia is a special agent, employed by Internal Revenue Service in the Criminal Investigations Division. (Anastasia Decl. ¶ 1.) He is assigned to a post of duty at Wilmington, Delaware. (*Id.*)

   Defendant, Ben-Cen, Inc., is a Delaware corporation with a business address at 3301 Lancaster Pike, Wilmington, Delaware. (Anastasia Decl. Ex. 1.)

   *b. The investigation of Russell D. Applegate.* In his capacity as a special agent, Special Agent Anastasia is conducting an investigation concerning the Federal income tax liabilities of Russell D. Applegate. (Anastasia Decl. ¶ 2.) The purpose of the investigation is to determine the Federal income tax liabilities of Russell D. Applegate for the years 1999, 2000, 2001, 2002, 2003, and 2004. (*Id.*) Based on information developed during Special Agent Anastasia's investigation, Russell D. Applegate is an officer and majority shareholder of Ben-Cen, Inc. (Anastasia Decl. ¶ 5.)

   *c. The summonses issued to and served upon Ben-Cen, Inc.* In furtherance of the investigation of Russell D. Applegate, and in accordance with 26 U.S.C. § 7602, on July 28, 2005, Special Agent Anastasia issued an administrative summons, Internal Revenue Service Form 2039, to Ben-Cen, Inc. (Anastasia Decl. ¶ 3.) The summons directed Ben-Cen, Inc. to give testimony and to produce for examination on August 8, 2005, corporate records as described in the attachment to the summons. (*Id.*) The summons requested information of Russell D. Applegate in connection with the tax years 1999, 2000, 2001, 2002, 2003, and 2004, as more fully described in the attachment to the summons. (*Id.*)1/

---

   1/ A true and correct copy of the summons is appended to the Declaration of Thomas Anastasia. (Daher Decl. Ex. 1.)

Special Agent Anastasia served the summons on Ben-Cen, Inc. on July 28, 2005, by personally handing a copy of the summons to Russell D. Applegate at Ben-Cen, Inc. (Anastasia Decl. ¶ 5.)2/

*d. The summoned party's response to the summons.* Ben-Cen, Inc. did not appear on August 8, 2005 to give testimony or to produce for examination the bank records as described on the summons. (Anastasia Decl. ¶ 7.) As of December 19, 2005, Ben-Cen, Inc. had not appeared to give testimony and has not produced any records for examination.

*e. The continuing need for the summoned testimony and records.*

The corporate records sought by the July 28, 2005 summons directed to Ben-Cen, Inc. are not in the possession of the Internal Revenue Service. (Anastasia Decl. ¶ 12.) It is necessary to obtain the testimony and to examine the books, records, papers, and other data sought by the summons directed to Ben-Cen, Inc. in order to determine the correct amount of individual income tax for Russell D. Applegate for the years 1999, 2000, 2001, 2002, 2003, and 2004. (Anastasia Decl. ¶ 14.)

## SUMMARY OF THE ARGUMENT

In order to obtain enforcement of an Internal Revenue Service summons, the United States must show four elements. These are: 1) that the summons was issued for a proper purpose; 2) that the information sought may be relevant to that purpose; 3) that the information being sought is not already in the possession of the Internal Revenue Service; and 4) that the administrative steps required by law with respect to the issuance and service of a summons have been followed. In the case at hand, all four of these elements have been demonstrated by the Declaration of Thomas Anastasia. Therefore, a *prima facie* case for enforcement of the summons has been established.

---

2/ A true and correct copy of the certificate of service of summons is appended to the Declaration of Thomas Anastasia. (Anastasia Decl. Ex. 2.)

As a final matter, no "Justice Department referral" is in effect with respect to the taxpayer, Russell D. Applegate. Therefore, the summons is enforceable and should be enforced by this Court.

## ARGUMENT

### THE UNITED STATES HAS ESTABLISHED A *PRIMA FACIE* CASE FOR ENFORCEMENT OF THE SUMMONS ISSUED TO BEN-CEN, INC.

The standards for enforcement of an Internal Revenue Service administrative summons are well established. To demonstrate a *prima facie* case for enforcement, the United States only need show: 1) that the summons was issued for a proper purpose; 2) that the information sought may be relevant to that purpose; 3) that the information being sought is not already in the possession of the Internal Revenue Service; and 4) that the administrative steps required by law with respect to the issuance and service of the summons have been followed. *See United States v. Powell*, 379 U.S. 48, 57-58 (1964); *United States v. Cortese*, 614 F.2d 914, 919 (3d Cir. 1980); *Moutevelis v. United States*, 561 F. Supp. 1211, 1213 (M.D. Pa. 1983), *aff'd* 727 F.2d 313 (3d Cir. 1984). Upon establishment of the four elements of the *prima facie* case, the United States is entitled to enforcement of the summons. *See United States v. Stuart*, 489 U.S. 353, 353-354 (1989).

Special Agent Anastasia's declaration establishes all of the requisite elements for enforcement of the summons. First, the Anastasia declaration establishes that the summons was issued for a proper purpose, *i.e.*, an investigation concerning the Federal income tax liabilities of Russell D. Applegate for the years 1999, 2000, 2001, 2002, 2003 and 2004. (Anastasia Decl. ¶ 3.)

Second, the information sought by the summons may be relevant to Special Agent Anastasia's examination. (Anastasia Decl. ¶ 14.) More specifically, it is necessary to obtain the testimony and to examine the corporate records sought by the summons in order to determine the correct amount of individual income tax for Russell D. Applegate for the years 1999, 2000, 2001, 2002, 2003, and 2004. (*Id.*)

As for the third requirement, that the Internal Revenue Service not already be in possession of the summoned data, Special Agent Anastasia states that the corporate records and documents that were sought by the summons are not already in the possession of the Internal Revenue Service. (Anastasia Decl. ¶ 12.)

Fourth, all of the administrative steps for the issuance and service of the summons were followed. (Anastasia Decl. ¶ 13.)

Last, no "Justice Department referral" is in effect with respect to Russell D. Applegate. (Anastasia Decl. ¶ 14.) Under the Internal Revenue Code, no summons may be enforced if a "Justice Department referral" is in effect with respect to the subject of the summons. 26 U.S.C. § 7602(d)(1); *see Moutevelis*, 561 F. Supp. at 1213. A "Justice Department referral" is in effect with respect to any person if the Secretary of the Treasury has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information relating to such taxpayer. 26 U.S.C. § 7602(d)(2)(A). In the case at hand, Special Agent Anastasia has stated under oath that the Internal Revenue Service has not made a recommendation to the Department of Justice for a grand jury investigation or criminal prosecution of Russell D. Applegate for the tax years under investigation. (Anastasia Decl. ¶ 14.) The Internal Revenue Service also is not delaying a recommendation to the Department of Justice in order to collect additional information. Moreover, the Department of Justice has not made any request under 26 U.S.C. § 6103(h)(3)(B) for the disclosure of any return or return information (as those terms are defined in 26 U.S.C. § 6103(b)) relating to Russell D. Applegate. With this certification, the summons is enforceable.

Thus, the United States has established a *prima facie* case for enforcement of the summons issued to and served upon Ben-Cen, Inc.. This Court should issue an order to show cause requiring Ben-Cen, Inc. to show cause, if any it has, why the summons issued to and served upon it should not be enforced in all respects.

## CONCLUSION

It is the position of the United States that the Court should issue to defendant the proposed order to show cause, requiring it to show cause, if any it has, why the internal revenue summons issued to and served upon it should not be enforced. Further, upon the failure of defendant to show any legally significant reasons for the failure to obey the summons issued to and served upon it, the United States submits that the Court should enforce the summons in all respects.

DATE: January 3, 2006.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

/s/ Jennifer L. Best
JENNIFER L. BEST
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Telephone (202) 307-0714