IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA<br>THOMAS ANASTASIA, SPECIAL AGENT<br>OF THE INTERNAL REVENUE SERVICE,<br><br>        Petitioners,<br><br>v.<br><br>Ben-Cen, Inc.<br><br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION**

Thomas Anastasia, a petitioner herein, declares:

1. I am a duly commissioned Special Agent employed by the Internal Revenue Service Criminal Investigations Division at 409 Silverside Rd., Room 133, Wilmington, DE 19809.

2. In my capacity as a Special Agent, I am conducting an investigation of Russell D. Applegate and taxable income he received during the tax years 1999, 2000, 2001, 2002, 2003, and 2004.

3. In furtherance of the above investigation and in accordance with 26 U.S.C. § 7602, I issued on July 28, 2005 an administrative summons, Internal Revenue Service Form 2039, to the respondent, Ben-Cen, Inc., for corporate records and documents described in an attachment to the summons. The summons is attached to the petition as Exhibit A.

4. The time for appearance noted on the summons was August 8, 2005 at 4:00 pm.

-2-

5. In accordance with 26 U.S.C. § 7603, I served an attested copy of the summons as described in paragraph 3 above on the respondent by handing it to Russell D. Applegate, an officer and majority shareholder of Ben-Cen, Inc. who is authorized to receive process, as evidenced in the certificate of service on the reverse side of the summons.

6. No notice was required to be served in accordance with 26 U.S.C. § 7609(c)(2)(A) and (E).

7. On August 8, 2005, Mr. Applegate did not appear in response to the summons.

8. On August 11, 2005, I met with Mr. Applegate at his place of business, Ben-Cen, Inc. dba Deerhead Hot Dogs, located in Wilmington, DE. During this meeting, I asked Mr. Applegate for the summonsed corporate records and documents, and he replied that he did not have them. Mr. Applegate stated that he would contact an attorney shortly to resolve the matter.

9. On August 18, 2005, Mr. Applegate contacted me by telephone and informed me that he would be meeting with an attorney on August 24, 2005, and would contact me on August 25, 2005 regarding the summonsed corporate records and documents.

10. On August 31, 2005, I attempted to contact Mr. Applegate by telephone and left a telephone voicemail message as a follow-up to our August 18, 2005 telephone discussion asking him to call me.

-3-

11. Mr. Applegate's failure to comply with the summons continues to the date of this declaration.

12. The corporate records and documents of Ben-Cen, Inc. sought by the summons are not already in the possession of the Internal Revenue Service.

13. All administrative steps required by the Internal Revenue Code for issuance of the summons have been taken.

14. It is necessary to obtain the corporate records and documents of Ben-Cen, Inc. sought by the summons in order to determine Mr. Applegate's taxable income and compute the corresponding tax liability for the years 1999, 2000, 2001, 2002, 2003, and 2004. The Internal Revenue Service has not made any recommendation for criminal prosecution to the Department of Justice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___10th___ day of ___November___, 2005.

*Thomas J. Anastasia*

_____
THOMAS ANASTASIA
Special Agent



# Summons

In the matter of  RUSSELL D. APPLEGATE, dba BEN-CEN, INC. (DEERHEAD HOT DOGS)
Internal Revenue Service (Division): Criminal Investigation
Industry/Area (name or number): Baltimore Field Office
Periods: 1999, 2000, 2001, 2002, 2003, 2004

### The Commissioner of Internal Revenue

To: BEN-CEN, INC. (DEERHEAD HOT DOGS)

At: 3301 Lancaster Pike, Wilmington, DE 19805; 620 S. Maryland Ave, Wilmington, DE 19804

You are hereby summoned and required to appear before Special Agent Thomas Anastasia or his designee an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See Attachment.

**Do not write in this space**

Business address and telephone number of IRS officer before whom you are to appear:

Place and time for appearance at Internal Revenue Service, Criminal Investigation
409 Silverside Road, Room 133, Wilmington, DE 19809 (Phone 302-792-6566)

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.gov

on the __8th__ day of __August__, __2005__ (year) at __4:00__ o'clock __p.__ m.

Issued under authority of the Internal Revenue Code this __28th__ day of __July__, __2005__ (year)

_Thomas Anastasia_
Signature of issuing officer

Special Agent
Title

Signature of approving officer (if applicable)

Title

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

Original — to be kept by IRS

**GOVERNMENT EXHIBIT**

ATTACHMENT TO SUMMONS ISSUED TO: RUSSELL D. APPLEGATE, dba BEN-CEN, INC. (DEERHEAD HOT DOGS)

FOR THE YEARS: 1999 - 2004

All corporate records and books of account relative to the financial transactions of RUSSELL D. APPLEGATE

To include but not limited to:

ALL CORPORATE BOOKKEEPING RECORDS and other financial records including General Ledger, General Journals, all Subsidiary Ledgers and Journals, Gross Receipts and income records, Cash Receipts and Disbursement records and/or Journals, sales and Purchase records and/or Journals, Accounts Receivable and Payable Ledgers and records, Bad Debt records, Cost of Goods Sold records, Loan Receivable and Payable Ledgers, Voucher Register and all sales and expense invoices including all invoices documenting expenses paid by cash (currency) or bank check (cashier or teller checks) and retained copies of any bank checks (cashier or teller checks.)

Inventory records establishing beginning and ending inventories including inventory sheets, work-papers, and valuation records. Records and work-papers reflecting the purchase, basis and depreciable life of assets. Records and work-papers of sales of corporate assets such records disclosing the dates of purchase and sale, cost and sales price, records establishing or adjusting asset basis.

Corporate Minute Book, Stock Register or other records reflecting ownership of corporate stock. All financial statements, bookkeeper's and/or accountant's workpapers used in the preparation of corporate records or tax returns. Retained copies of all federal and state income, payroll and excise tax returns.

SAVINGS ACCOUNT RECORDS: Including passbooks or bank statements, records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, records reflecting the identity of checks deposited, withdrawal slips, and records disclosing the disposition of withdrawals, Forms 1099, debit and credit memos. Records of any certificates of deposit, money market certificates, U.S. Treasury Notes or Bills purchased.

CHECKING ACCOUNT RECORDS: Including bank statements, deposit slips, records revealing the identity of checks drawn on the account, checks deposited, all debit and credit memos, and Forms 1099 issued.

LOAN RECORDS: Including applications, financial statements, loan collateral, credit and background investigations required, loan agreements, notes or mortgages, settlement sheets, contracts, retained copies of checks issued for loans, repayment

records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually, records of any liens, loans correspondence files and internal memoranda relative to these loans.

RECORD FORMAT: In addition to hard copies, records are requested in the form of magnetic media. Data may be provided in 3 1/2 inch diskettes or compact disks (CDs). ASCII fixed length files are preferred, however, ASCII delimited format is acceptable. A record layout for the data is also requested.



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| 07/28/2005 | 11:00 A.M. |

**How Summons Was Served**

1. ☒ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _____

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address:
3301 Lancaster Pike, Wilmington, DE 19805; 620 S. Maryland Ave, Wilmington, DE 19804

| Signature | Title |
|---|---|
| *[signed] Thomas Amato* | Special Agent |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: 07/28/2005    Time: 11:00 A.M.

Name of Noticee: RUSSELL D. APPLEGATE, dba BEN-CEN, INC. (DEERHEAD HOT DOGS)

Address of Noticee (if mailed): 1102 Hopeton Road, Wilmington, DE 19807

**How Notice Was Given**

☒ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☒ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|---|---|
| *[signed] Thomas Amato* | Special Agent |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
| *[signed] Thomas Amato* | Special Agent |

Form 2039 (Rev. 12-2001)

