**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Misc. No. 06-003-JJF |
| | ) |
| BEN-CEN INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES'
MOTION FOR ORDER TO SHOW CAUSE WHY BEN-CEN, INC. SHOULD
NOT BE HELD IN CONTEMPT AND FOR INCARCERATION AND FINES**

**QUESTION PRESENTED**

On February 9, 2006, the Court ordered Ben-Cen, Inc. to comply with the Internal Revenue Summons served upon it on July 28, 2005 no later than February 21, 2006. Ben-Cen, Inc. has willfully disregarded the Court's order. Should the Court issue an order to show cause why Ben-Cen, Inc. should not be held in contempt of court?

**BACKGROUND**

On July 28, 2005, Special Agent Anastasia issued an administrative summons, Internal Revenue Service Form 2039, to Ben-Cen, Inc. in furtherance of his investigation of Russell D. Applegate, President of Ben-Cen, Inc. Because Ben-Cen, Inc. did not comply with the summons, on January 4, 2006, the United States filed a Complaint to Enforce the Internal Revenue Summons.

On February 8, 2006, this Court held a hearing to allow a representative of Ben-Cen, Inc. to appear to show cause why Ben-Cen, Inc. should not be compelled to obey the Internal Revenue Summons served upon it on July 28, 2005. No representatives of Ben-Cen, Inc.

appeared at the hearing.  Therefore, on February 9, 2006, this Court ordered Ben-Cen, Inc. to comply with the Internal Revenue Summons no later than February 21, 2006.

Subsequent to the show cause hearing, on February 21, 2006, Russell Applegate appeared at the Internal Revenue Service office and produced corporate documents and records; however, none of the documents produced on February 21, 2006 contained any documents or records of receipts by the business.  (Third Decl. Anastasia ¶ 3.)  When Russell Applegate was at the Internal Revenue Service office, Special Agent Thomas Anastasia asked him about records of gross receipts and Russell Applegate stated that Ben-Cen, Inc. had records of gross receipts in the form of calculator tapes, computer information, and credit card receipts.  (Third Decl. Anastasia ¶ 5.)  On February 22, 2006, Russell Applegate again appeared at the Internal Revenue Service office and produced additional responsive documents and records which consisted only of credit card receipts.  (Third Decl. Anastasia ¶ 6.)

As of March 6, 2006, Ben-Cen, Inc. still had not produced all of the documents and records evidencing its gross receipts.  (Third Decl. Anastasia ¶ 7.)  Thus, Ben-Cen, Inc. has not complied with the Court's order dated February 9, 2006.

## ARGUMENT

Ben-Cen, Inc., has refused and failed to obey a lawful and unambiguous order of court requiring it to comply with an Internal Revenue Summons.  Ben-Cen, Inc.'s refusal is clear and apparently without valid reason.  Consequently, unless Ben-Cen, Inc. can present convincing exculpatory evidence, the United States submits that Ben-Cen, Inc. should be adjudged in contempt of this Court.  See Reisman v. Caplan, 375 U.S. 440, 446 (1964) (". . . a refusal to comply with the [court's] order subjects the witness to contempt proceedings.").  Once a *prima*

*facie* showing has been made by the United States that the party-respondent has failed to comply with a valid court order, the burden shifts to the party-respondent to show why contempt should not be adjudicated.  See <u>United States v. Hayes</u>, 722 F. 2d 723, 725 (11th Cir. 1984); <u>United States v. Basil Investment Corp.</u>, 528 F. Supp. 1225, 1231 (E.D. Pa. 1981), <u>aff'd without opinion</u>, 707 F.2d 1404 (3d Cir. 1983).

In this case, there is no valid reason for Ben-Cen, Inc.'s failure to comply with the Order of February 9, 2006, and the United States suggests that Ben-Cen, Inc.'s refusal is without good cause and is in contumacious disregard of the process of the Court.  Special Agent Anastasia has explained to Russell Applegate which responsive documents are missing from Ben-Cen, Inc.'s production.  (Third Decl. Anastasia ¶ 4.)  On February 2, 2006, Russell Applegate reported that Ben-Cen, Inc. had records of gross receipts in the form of calculator tapes, computer information, and credit card receipts.  (Third Decl. Anastasia ¶ 5.)  The next day, Russell Applegate produced the credit card receipts, but he has not produced the other records of cash receipts.  (Third Decl. Anastasia ¶¶ 6-7.)

As a result, it is requested that the Court, upon Ben-Cen, Inc.'s failure to show good cause for its refusal to obey the Court's order, order that Ben-Cen's President, Russell Applegate, be incarcerated for an indefinite term until such time as Ben-Cen, Inc. purges its contempt.  In addition, it is requested that the Court levy a coercive fine of $500.00 per day against Ben-Cen, Inc., commencing on the day following the date of the finding of contempt, and continuing for each day that Ben-Cen, Inc. continues in its willful disregard of the Order of February 9, 2006.

Coercive sanctions such as those suggested above "look to the future and are designed to aid the plaintiff by bringing a defiant party into compliance with the court order." <u>Latrobe Steel Co. v. United Steelworkers</u>, 545 F. 2d 1336, 1344 (3rd Cir. 1976); <u>see also</u> <u>Int'l Union, United Mine Workers of America v. Bagwell</u>, 512 U.S. 821, 828-29 (1994); <u>Harris v. City of Philadelphia</u>, 47 F. 3d 1311, 1328 (3d Cir. 1995). It is the United States' purpose, in seeking sanctions, not to punish, but to coerce Ben-Cen, Inc.'s compliance with the Internal Revenue Summons served July 28, 2005. The Supreme Court has approved the use of coercive sanctions. <u>See</u> <u>McCrone v. United States</u>, 307 U.S. 61, 63-65 (1939); <u>accord</u> <u>United States v. Brobeck</u>, 363 F.Supp. 1035 (W.D. Pa. 1973), <u>aff'd</u>, 491 F. 2d 751 (3d Cir. 1973); <u>United States v. Basil Investment Corp.</u>, 528 F. Supp. at 1234.

> . . .[I]mprisonment for civil contempt is ordered where the defendant has refused to do an affirmative act required by the provisions of an order which, either in form or substance, was mandatory in its character. Imprisonment in such cases is not inflicted as a punishment, but is intended to be remedial by coercing the defendant to do what he had refused to do. The decree in such cases is that the defendant stand committed unless and until he performs the affirmative act required by the court's order.

<u>Gompers v. Bucks Stove & Range Co.</u>, 221 U.S. 418, 442 (1911). "[W]hen a court imposes fines and punishments on a contemnor, it is not only vindicating its legal authority to enter the initial court order, but it also is seeking to give effect to the law's purpose of modifying the contemnor's behavior to conform to the terms required in the order." <u>Hicks v. Feiock</u>, 485 U.S. 624, 635 (1988).

> There are many persons who would gladly purchase the honors of martyrdom in a popular cause at almost any given price, while others are deterred by a mere show of punishment. Each is detained until he finds himself willing to conform. This is merciful to the submissive, and not too severe upon the refractory. The petitioner, therefore, carries the key of his prison in his own pocket. He can come out, when he will, by making terms with the court that sent him there. But if he

> chooses to struggle for a triumph, -- if nothing will content him but a clean victory or a clean defeat, -- he cannot expect us to aid him. Our duties are of a widely different kind. They consist in discouraging, as much as in us lies, all such contest with the legal authorities of the country.

Brobeck, 363 F. Supp. at 1035 (quoting In re Nevitt, 117 F. 448, 461 (8th Cir. 1902)).

In this case, the United States submits that incarceration is necessary in order to coerce compliance with the Court's Order of February 9, 2006. This is because Russell Applegate, President of defendant, Ben-Cen, Inc., is the taxpayer under investigation, and as such has a motive of the most compelling sort in refusing to comply with the Court's order–the obstruction of the investigation of his taxable income by the United States. Incarceration, with the added levy of a substantial fine, is more likely to result in quick and unqualified compliance with the Court's order.

## **CONCLUSION**

As a result, the United States respectfully requests the following: 1) that this Court direct Russell Applegate, President of Ben-Cen, Inc., to appear before the Court at a hearing scheduled for a date certain to show cause, if any, why Ben-Cen, Inc. should not be held in contempt of this Court, and as President of Ben-Cen, Inc. that he should not be incarcerated until Ben-Cen, Inc. obeys the Court's February 9, 2006 Order requiring Ben-Cen, Inc. to obey the Internal Revenue Summons served upon it on July 28, 2005; 2) that this Court adjudge Ben-Cen, Inc. in contempt of this Court's Order of February 9, 2006 and order its President, Russell D. Applegate incarcerated and order Ben-Cen, Inc. fined $500.00 per day until such time as Ben-Cen, Inc. complies with that order; and 3) that the Court grant the United States its costs and attorney's

fees incurred in this contempt proceeding and such other and further relief as may be deemed just and proper under the circumstances.

                              COLM F. CONNOLLY,
                              United States Attorney

By: /s/ Ellen W. Slights
     Ellen W. Slights
     Assistant United States Attorney
     Delaware Bar I.D. No. 2782
     The Nemours Building
     1007 Orange Street, Suite 700
     P. O. Box 2046
     Wilmington, DE 19899
     (302) 573-6277
     Ellen.Slights@usdoj.gov

By: /s/ Jennifer L. Best
     Jennifer L. Best
     Trial Attorney
     U.S. Department of Justice
     P.O. Box 227
     Ben Franklin Station
     Washington, D.C. 20044
     (202) 307-0714
     Jennifer.Best@usdoj.gov

Dated: March 30, 2006

**CERTIFICATE OF SERVICE**

      I, Kathie Gray, an employee in the Office of the United States Attorney for the District of Delaware, hereby attest under penalty of perjury that on **March 30, 2006**, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES' MOTION FOR ORDER TO SHOW CAUSE WHY BEN-CEN, INC. SHOULD NOT BE HELD IN CONTEMPT AND FOR INCARCERATION AND FINES** with the Clerk of the Court using CM/ECF. Notification of such filing will be mailed via United States First Class Mail, postage prepaid to the following non registered participant(s):

| | |
|---|---|
| **Russell D. Applegate** | **Russell D. Applegate** |
| BEN-CEN, Inc. | BEN-CEN, Inc. |
| 620 S. Maryland Avenue | 3301 Lancaster Pike |
| Wilmington, DE 19804 | Wilmington, DE 19804 |

/s/ Kathie Gray
Kathie Gray
Legal Assistant
Office of the United States Attorney
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277
kathie.gray@usdoj.gov